**In re PINTLAR CORPORATION, Debtor.**

**In re GULF USA CORPORATION, Debtor.**

**Bankruptcy Nos. 93–02986, 93–02987.**

United States Bankruptcy Court,
D. Idaho.

March 1, 1994.

Randall A. Peterman, Elam & Burke, Boise, ID, Ronald J. Landeck, Siebe Landeck, Moscow, ID, Martin Eisenberg, Angel & Frankel, Joshua J. Angel, Laurence May, Kevin R. Toole, Angel & Frankel, New York City, Willkie, Farr and Gallagher, New York City, Weinberg, Bergeson and Neuman, West Washington, DC, for Pintlar Corp.

Richard Wayne Sweney, Lukins & Annis, Raymond C. Givens, Coeur d'Alene, ID, for Coeur d'Alene Tribe.

Steven P. Berzon, Altshuler, Berzon, Nussbaum, Berzon & Rubin, San Francisco, CA.

Terry L. Myers, Givens, Pursley & Huntley, Boise, ID.

Daryle L. Uphoff, Lindquist & Vennum, Minneapolis, MN.

Ford Elsaesser, Elsaesser, Jarzabek & Buchanan, Sandpoint, ID.

Joel Gross, Deputy Chief, Environmental Enforcement, U.S. Justice Dept., Washington, DC.

Peter R. Mounsey, Sr. Counsel, U.S. Dept. of Justice, Environmental Enforcement Section, Denver, CO.

Celeste Miller, Asst. U.S. Atty., D. Idaho, Boise, ID.

Ted Yackulic, Asst. Regional Counsel, E.P.A., Seattle, WA.

Gary L. McClendon, Staff Atty., Office of the U.S. Trustee, Boise, ID.

Curt Fransen, Deputy Atty. Gen., Sr. Environmental Atty., Dept. of Health & Welfare, Div. of Environmental Quality, Boise, ID.

Jeffrey J. Altenburg, Pension Ben. Guar. Corp., Washington, DC.

P. Eric Siegert, Houlian, Lokey, Howard & Zukin, Minneapolis, MN.

### SUMMARY ORDER: OFFICIAL RETIREES' COMMITTEE FEE AND EXPENSE APPLICATION

ALFRED C. HAGAN, Bankruptcy Judge.

The Official Retirees' Committee has filed an application for allowance of administrative expenses pursuant to section 503(b)(4), a first application for interim allowance of compensation and reimbursement of expenses by counsel for the Retirees' Committee, and a second application for interim allowance of compensation and reimbursement of expenses by counsel for the Retirees' Committee.

To these applications, the Unsecured Creditor's Committee has responded with an objection wherein that Committee requests

> [t]his Court to enter an order deferring the hearing on the Retirees' Committee counsels' interim applications for compensation and reimbursement of expenses; in the alternative, to deny the allowance of any such fees or reimbursement of expenses until such time as a chapter 11 plan is confirmed or until all fee applications can be heard; and to permit compensation to Altshuler, Berzon, Nussbaum, Berzon & Rubin for only one attorney where duplicative services and interoffice conferences are indicated in the applications.

The Coeur d'Alene Tribe has also filed an objection, contending attorney's fees should be allowed only in accordance with applicable maximum local hourly rates. The United States of America, by and through its Attorney General, contends the applications are premature.

▇ At the hearing, the concerns of creditors and interested parties centered on the need for an orderly method for fee applications in the future and for a holdback provisions. Counsel for the debtors are in agreement with these concepts and intend to establish a fee budget from which periodic applications can be paid or apportioned, and will submit a proposed order for consideration. A 25% holdback appears to be appropriate.

▇ In this particular case, and due to the appointment of specialized counsel from outside of the District of Idaho, application of local hourly rates is not appropriate. I agree with the position of the Official Retirees' Committee that to impose local fee limitations would not be a benefit to the retirees, nor to the other interested parties. The applications can be approved with the holdback provisions.

Accordingly, it is

ORDERED:

1. The application for expense reimbursement of the Official Retirees' Committee is approved;

2. The first application for interim compensation of the Official Retirees' Committee is approved with a 25% holdback; and

3. The second application for interim compensation of the Official Retirees' Committee is approved with a 25% holdback.